STATE OF MISSOURI *ex inf.* ATTORNEY GENERAL, Plaintiff, *v.* FOSTER J. McADOO, Defendant.

*Constitution—Office—Appointing Power.*—Under the Constitution, the Governor has not the power to fill by appointment a vacancy in the office of sheriff occurring after the Constitution went into effect. Such vacancy must be filled in the manner provided in Art. IV., §§ 23 & 24.

*Eaton*, for plaintiff.

*Drake*, for defendant.

WAGNER, Judge, delivered the opinion of the court.

The only question involved in this proceeding is as to the legal sufficiency and validity of the appointment of the defendant as sheriff of Laclede county, by the Governor, on the 6th day of November, 1865, to fill the vacancy occasioned by the death of Harris, the previous appointee. By an ordinance passed by the State Convention March 17, 1865, providing for the vacating of certain civil offices in the State, filling the same anew, &c., the office of sheriff was vacated, and the Governor was empowered to fill the same, by appointment, for the remainder of the term. In pursuance of this power, the Governor duly appointed and commissioned one R. B. Harris as sheriff of Laclede county, who entered upon the discharge of the duties of his office, and died on the 17th of May thereafter. On the 7th day of August, 1865, the county court of Laclede county, in accordance with sec. 23 of Art. V. of the present Constitution, proceeded to fill the vacancy in the office by temporary appointment, and ordered a special election for supplying it for the remainder of the term.

The defendant in this proceeding does not claim title to the office by reason of that election, but by virtue of the appointment and commission of the Governor in the ensuing November.

It has been contended here that the ordinance conferring the power of appointment on the Governor did not restrict him to the first exercise of the appointing power, but continued and would authorize the filling of any vacancy, which might occur, up to the end of the term for which the previously ousted incumbent was elected ; and that if this position were untenable, then the question here must be governed by sec. 24 of Art. IV. of the Constitution of this State, which was in force when the vacancy happened, and which gave the executive the undisputed right to appoint.

We do not see on what principle this position is maintainable. The present constitution, when it took effect on the 4th of July last, was from that date the supreme law of the land, and applied to all subjects of this nature not specially exempted from its operation. The old constitution was entirely superseded by the new, and its authority or power cannot be invoked in this matter. The ordinance and the constitution were formed by the same body and at the same session, and, to arrive at their true interpretation, must be construed together. The ordinance gave the Governor power to fill by appointment, for the remainder of the term, the vacancies created in the respective offices.

It does not appear that it was contemplated the appointing power should be exercised only for the purpose of filling the vacancies created by the law, and also vacancies which actually existed at the time of the passage of the law. But what would seem to make the intention manifestly clear, is the fact that it is provided in the constitution the manner in which offices shall be filled where vacancies occur, and no exception is made; vesting the appointing power in the Governor, for the residue of the term, only in one instance.

In Art. VI., sec. 16, it is declared that the provision requiring an election to be held to fill a vacancy in the office of the judges of the Supreme and Circuit Courts shall have relation to vacancies occurring after the year 1868, up to which time any such vacancy shall be filled by appointment by the Governor. This express exception must be taken to exclude all others, and leads to the conclusion that all other vacancies were intended to be filled in the mode prescribed in that instrument.

The result is, that the appointment under which the defendant holds his office *was* void, and judgment of ouster will be entered against him in this court, with costs. The other judges concur.